DUNKLE, Co. Treas., et al. v. COLE.

No. 33654.   July 5, 1950.

Rehearing Denied Oct. 24, 1950.

*223 P. 2d 370.*

Elmer W. Adams, Co. Atty., of Tulsa County, Tulsa, for plaintiffs in error.

Rosenstein, Fist & Shidler, of Tulsa, for defendant in error.

WELCH, J. This action involves a portion of the ad valorem taxes for 1932, assessed against a certain city lot owned then and now by plaintiff.

The question is whether the tax involved was legally canceled by a certain certificate of error or correction order issued by the board of county commissioners. If the disputed tax was not effectively canceled by such proceedings, then it remains a valid lien on the property in question.

The trial court judgment sustained the cancellation and quieted plaintiff's title as against any claim of the county for such tax.

On appeal the county contends the purported cancellation was ineffective for lack of power in the county commissioners in the instant case.

The validity of the cancellation and the power of the county commissioners is tested by the statutory provisions of sec. 12642, O. S. 1931. It is there provided that the county commissioners may correct erroneous assessments of ad valorem tax, *under certain circumstances*. One requirement therein stated is that the application for such correction must show by affidavit that there was "good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such error." That is to say, the affidavit should set out the "good cause," or excuse for failure to obtain the correction in the orderly way before the appropriate meeting of the county board of equalization, and the county commissioners should be satisfied as to the good cause shown. That requirement must be met to give validity to any such correcting order made by the county commissioners. Parkinson v. State ex rel. Thieman, 196 Okla. 80, 162 P. 2d 551; Morningside Hospital v. Carmichael, 185 Okla. 48, 89 P. 2d 958.

It is the contention of defendants that no showing was made before the board of county commissioners that plaintiff herein, the owner of the property, had good cause for her failure to appear before the county board of equalization for the purpose of having the assessment corrected and that the board of county commissioners was therefore without power to make such order. We think this contention well taken.

The record discloses that the affidavit here relied upon was an affidavit filed by C. C. Cole which was the only evidence presented at the hearing before the board of county commissioners. That affidavit included some nineteen or twenty other lots and parcels of real estate in Tulsa county. Mr. Cole in his affidavit stated that the reason he did not appear before the board of equalization as to all those items of real estate was because he was absent from the city of Tulsa at the time the board of equalization was in session.

So far as we know Mr. Cole may have owned the other nineteen or twenty tracts of land, but the evidence shows that he was not the owner of the property here involved and was not a party beneficially interested therein. It is shown that Audrey R. Cole, plain-

tiff herein, was the owner of this property and the only party therein beneficially interested, and that she was then living in the city of Tulsa. The affidavit of Mr. Cole fails to show good cause why plaintiff, Audrey R. Cole, failed to appear before the county board of equalization. In the case of Tulsa Exchange Co. et al. v. Parkinson, County Treasurer, 192 Okla. 311, 136 P. 2d 694, we held:

"The requirement in section 12642, O. S. 1931, that good cause be shown for nonattendance upon the county board of equalization, means that good cause must be shown why the person beneficially interested at the time such appearance is required did not so appear at such time.

"Where the only showing of good cause made to the board of county commissioners under section 12642, O. S. 1931, was that some person other than those in interest failed to appear before the board of equalization at the proper time for adjustment of tax assessment, the trial court properly held that no good cause was shown, and that the board of county commissioners was without authority to entertain the application to correct the assessment."

While the fact situation in the present case is not identical to the facts in the above case, we see no reason why the rule there announced should not be applicable here.

Mr. Cole at the trial in the present case testified that ever since plaintiff owned the property here involved he looked after it for her; that he handled it for her and collected rents. He does not, however, testify that he was authorized by her to appear as her agent before the county board of equalization in 1932 for the purpose of having the assessment corrected nor that the plaintiff relied upon him to make such appearance.

No showing of agency was made or attempted to be made at the hearing before the county commissioners, or in the affidavit there filed. As before stated, the only evidence there offered consisted of the affidavit of Mr. Cole. The statements therein wholly fail to show good cause, or any cause, for the failure of plaintiff to appear and present her grievance before the county board of equalization. This being true under the above authorities the purported correction order of the board of county commissioners was invalid. The order is therefore ineffective as to cancellation of the tax involved.

Reversed, with directions to enter judgment in accordance with the views herein expressed.

ARNOLD, V. C. J., and CORN, LUTTRELL, and JOHNSON, JJ., concur. GIBSON and O'NEAL, JJ., dissent.